IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SANDRA R. HEISHMAN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 05-4074-CV-C-SOW |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | ) |
| Defendant. | ) |

## ORDER

Before the Court are defendant's Motion for Partial Dismissal of Complaint (Doc. #4), defendant's Suggestions in Support, plaintiff's Suggestions in Opposition, and defendant's Reply. For the reasons stated below, defendant's motion is granted.

### I. Background

Defendant Liberty Life Assurance Company of Boston ("Liberty Life") seeks partial dismissal of plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint seeks relief under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA") in Count I. Plaintiff is seeking benefits allegedly due under a group long-term disability insurance policy. Plaintiff has included a claim labeled as "Count Ia" in which plaintiff invokes the Federal Declaratory Judgment Act, 28 U.S.C. §2201 ("DJA"). Plaintiff has also included an allegation of breach of fiduciary duty.

### II. Discussion

A.  Declaratory Judgment Act ("DJA")

The DJA is properly invoked only where legal grounds exist for the award of "coercive

relief" apart from the DJA and under circumstances where federal jurisdiction is otherwise proper. Wright & Miller, Federal Practice and Procedure: Civil 3d §2766, p. 644. As plaintiff's claim is based upon and subject to ERISA, there is no basis for plaintiff to assert an alternative claim under the DJA.

In opposing defendant's motion, plaintiff states that defendant is "seeking to limit the ability of the Court to fashion complete relief." Plaintiff states that if the Court does not address whether plaintiff should continue to receive benefits in the future, plaintiff "faces the prospect of having to file a new lawsuit every few months to recover a few months of benefits." Plaintiff's arguments are flawed.

As defendant stipulates in its Reply, an ERISA claim under 29 U.S.C. §1132(a)(1)(B) allows this Court to determine whether defendant's denial of benefits was an abuse of discretion and, if so, to order in equity that benefits be paid to date and *reinstated*. The Court cannot utilize ERISA or the DJA to make a determination about plaintiff's entitlement to disability benefits in the future. The policy under which plaintiff was receiving disability benefits states that benefits will be paid subject to "proof of continued Disability and regular attendance of a Physician." Therefore, if the Court finds that plaintiff's disability benefits should be reinstated, plaintiff will have to provide proof of continued disability and regular attendance of a physician to continue to receive her disability award in future years.

The only relief available to plaintiff is available to her through her ERISA claim. The Court does not have the jurisdiction to use either ERISA or the DJA to order a permanent reinstatement of plaintiff's benefits into the future. In sum, there is no need or basis for a DJA claim in this case.

B.  Breach of Fiduciary Duty

To the extent plaintiff is attempting to assert a breach of fiduciary duty claim, such a claim is precluded as a matter of law. Geissal v. Moore Medical Corp., 338 F.3d 926 (8th Cir. 2003)(citations omitted). Plaintiff's claim in Count I of her Complaint already seeks payment for the benefits allegedly due to her under the Policy. She cannot seek the same relief by asserting an additional claim under 29 U.S.C. §1132(a)(3). A claim for breach of fiduciary duty under §1132(a)(3) may only be raised when other remedies are not available to the complaining party. Variety Corp. v. Howe, 516 U.S. 489 (1996).

III.  Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant's Motion for Partial Dismissal of Complaint (Doc. #4) is granted. It is further

ORDERED that plaintiff's claim under the Declaratory Judgment Act is dismissed. It is further

ORDERED that plaintiff's claim for breach of fiduciary duty is dismissed.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 7-12-05